959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CITY AND COUNTY OF DENVER, a Municipal corporation of the
State of Colorado, Plaintiff-Appellant,
v.
UNITED AIR LINES, INC., a Delaware corporation, Defendant-Appellee.
 No. 91-1179.
 United States Court of Appeals, Tenth Circuit.
 March 25, 1992.
 
 Before JOHN P. MOORE and BRORBY, Circuit Judges, and HUNTER, District Judge.*
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 The City and County of Denver (City) appeals the grant of United Air Lines' motion for summary judgment on the City's claim for indemnity. Because the City failed to provide United Air Lines with prompt, written notice as specified in the parties' lease agreement, we affirm.
 
 
 2
 In July, 1984, Perry Stephens, a United Air Lines employee, was injured while unloading an aircraft at Stapleton Airport. He subsequently received workers' compensation benefits, which precluded a suit against United. On September 7, 1984, he filed a Notice of Claim against the City of Denver and in August, 1986, Mr. Stephens filed his complaint against the City. The City gave written notice of the lawsuit to United on October 6, 1986.
 
 
 3
 The City defended the Stephens case, and the jury returned a verdict in favor of the City. Pursuant to the indemnity clause in the lease between the City and United, the City filed suit to recover the costs and expenses incurred in connection with the Stephens lawsuit.
 
 
 4
 In the indemnity clause, the City agreed to "give prompt notice to the Airline of any claim or suit and the Airline shall have the right to compromise the same to the extent of its own interest." The lease also provided all notices must be in writing.
 
 
 5
 The City argues the phrase "any claim or suit" should be interpreted in the disjunctive, allowing the City to give notice to United of either a claim or suit. Under the facts of this case, such an interpretation would obligate United to indemnify the City for all costs associated with the Stephens suit accruing after the City gave written notice to United.
 
 
 6
 We note that the extent of a contractual duty to indemnify must be determined from the contract itself. Wilson & Co., Engineers & Architects v. Walsenburg Sand & Gravel Co., 779 P.2d 1386, 1387 (Colo.App.1989). If written notice to an indemnitor concerning an action on the indemnity contract is required by that contract, then, for there to be reasonable opportunity to defend, that notice must be given according to the contract's terms. Trosper v. Wilkerson, 764 P.2d 375, 376 (Colo.App.1988). An indemnity agreement is subject to the same rules of construction which govern contracts generally. Id.
 
 
 7
 The plain meaning of the notice requirement is that the City will promptly notify United if any demand is made against the City, whether presented as a claim or as a suit, for which it will seek indemnification. To read the "claim or suit" language in the disjunctive is contrary to the sense and purpose of the indemnity clause.
 
 
 8
 The purpose of the notice requirement is to allow United the opportunity to initiate investigation and direct negotiations to minimize its exposure to indemnification costs. The City cannot unilaterally deny United that opportunity. Any investigation made by United's ramp supervisor of the Stephens incident does not suspend the City's obligation to provide United with prompt, written notice. Similarly, simply limiting damages to post-filing expenses ignores the fact the City's obligation to provide notice arose well before the City filed its answer in the Stephens litigation.
 
 
 9
 Because the City and County of Denver failed to provide prompt, written notice as specified in its lease agreement with United Air Lines, the City has no right to indemnification. The order of the District Court of Colorado granting United Air Line's motion for summary judgment is AFFIRMED.
 
 
 
 *
 The Honorable Elmo B. Hunter, Senior United States District Court Judge for the Western District of Missouri, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3